UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ANDREW M. VANDEMARK, JR.,**          ) | **CASE NUMBER:** |
| )  | |
|     **Plaintiff**          ) | |
| **v.**          ) | **COMPLAINT** |
| )  | |
| **ALLIED INTERNATIONAL CREDIT CORP. d/b/a**          ) | |
| **TRIUMPH ASSET SERVICES**          ) | |
|     **Defendant**          ) | |
| )  | **FEBRUARY 7, 2007** |

## I.  INTRODUCTION

    1.  Andrew M. Vandemark, Jr. ("Plaintiff") brings this suit against the defendant Allied International Credit Corp. d/b/a Triumph a Services on account of its deceptive and unfair practices in connection with the collection of debt, as described more fully below, in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

    2.  Plaintiff brings this action in accordance with the FDCPA, 15 U.S.C. § 1692, *et. seq*. *See* 15 U.S.C. § 1692k(a)(2)(B) and (b)(2).  Plaintiff alleges that the Defendant made deceptive statements in a collection letter that suggested that the payment of these debts would improve his credit reports.

## II.  PARTIES

    3.  The Plaintiff, Andrew W. Vandemark, Jr., is a natural person residing in Milford, Connecticut.

    4.  The defendant Allied International Credit Corp.("AICC") is a Delaware corporation with a principal place of business in Georgia.  It does business under the trade name Triumph Asset Services and is a collection agency.

### III.  JURISDICTION

5.  Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and Fed. R. Civ. P. 23(a).

6.  This Court has jurisdiction over the Defendant, because it has minimum contacts with Connecticut.

7.  Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the violative conduct that is the subject of this litigation was conducted within this State.

### IV.  PLAINTIFF'S TRANSACTION

8.  Plaintiff defaulted upon an automotive loan that had been written off by the original creditor more than seven years prior to the relevant events impacting this action and which had been removed from his credit report due to the passage of more than seven years, and the applicable statute of limitations to bring suit on that debt had expired.

9.  On February 11, 2006, the Defendant sent the Plaintiff a letter advising that Triumph Partnerships, LLC had purchased the debt.

10. The letter further advised that if Plaintiff paid the amount due, which was claimed to be $7,985.83, then the Defendant would notify the credit bureaus that the debt is "Paid" and immediately stop all recovery activity on the account.

### VI.  CLAIMS FOR RELIEF

**Violations of 15 U.S.C. § 1692 *et seq.***

11. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, by making statements that would cause the least sophisticated consumer to believe that the debt

was currently on his credit reports or that that payment of the debt would improve his credit score or both.

24. Pursuant to 15 U.S.C. § 1692k, Defendant is liable to the Plaintiff for statutory damages of $1,000 and actual damages, plus the costs of the action and a reasonable attorney's fee as determined by the Court.

WHEREFORE, the Plaintiff seeks recovery of monetary damages; costs and attorney's fees pursuant to 15 U.S.C. § 1692k; and such other relief as this Court deems appropriate.

PLAINTIFF, ANDREW M. VANDEMARK, JR.,

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408  Fax. (860) 571-7457